UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

JUSTIN DAVIS, KEVIN ALONZO, and EDUARDO BURTON,

                                        Plaintiffs,

    -against-

CITY OF NEW YORK, CHARLES SCHWARTZ, Individually, JOHN DIAZ, Individually, JOHN and JANE DOE 1 through 10, Individually (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                       Defendants,
-------------------------------------------------------------------------------X

**COMPLAINT**

Docket No.

<u>Jury Trial Demanded</u>

Plaintiffs JUSTIN DAVIS, KEVIN ALONZO, and EDUARDO BURTON, by their attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully allege as follows:

### Preliminary Statement

1.    Plaintiffs bring this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff JUSTIN DAVIS also asserts supplemental state law claims.

### JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff JUSTIN DAVIS asserts supplemental state law claims pursuant to common law and the New York State Constitution.

3.    Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff JUSTIN DAVIS is a twenty-eight-year-old man residing in Brooklyn, New York.

7. Plaintiff KEVIN ALONZO is a twenty-four-year-old man residing in Brooklyn, New York.

8. Plaintiff EDUARDO BURTON is a twenty-four-year-old man residing in Brooklyn, New York

9. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

11. That at all times hereinafter mentioned, the individually named defendants, CHARLES SCHWARTZ, JOHN DIAZ, and JOHN and JANE DOE 1 through 10, were duly sworn sergeants or police officer detectives of said department and were acting under the supervision of said department and according to their official duties.

12. That at all times hereinafter mentioned the defendants, either personally or

through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

14. The events about which plaintiffs complain began on April 22, 2015, at approximately 1:00 p.m., in the parking lot for 760 Eldert Lane, Brooklyn, New York.

15. At the aforementioned time and place, plaintiff JUSTIN DAVIS was in the process of parking his motor vehicle, when three defendant NYPD officers, one of whom is believed to be defendant JOHN DIAZ, approached plaintiff Davis without justification with their guns drawn.

16. Defendant DIAZ, along with other defendant officers, removed plaintiff DAVIS from his vehicle, searched plaintiff, searched plaintiff's vehicle, and detained plaintiff in handcuffs for approximately twenty or more minutes.

17. The defendant officers questioned plaintiff about, without limitation, where he was coming from and where he was going.

18. Plaintiff told defendant DIAZ and the other defendant officers he was going to pick up his friend, plaintiff KEVIN ALONZO, from apartment 12R.

19. After detaining, searching, and questioning plaintiff DAVIS without lawful justification, the defendant officers released him.

20. Plaintiff DAVIS thereafter entered 760 Eldert Lane and proceeded to apartment

12R, located therein, to pick up plaintiff ALONZO. Plaintiff EDUARDO BURTON was also present inside of apartment 12R.

21. Sometime thereafter, plaintiffs DAVIS, ALONZO, and BURTON opened the front door to 12R to exit said apartment and encountered defendant NYPD officers in the hallway.

22. The defendant officers ordered plaintiffs back into the apartment, imprisoning plaintiffs in said apartment for approximately one hour.

23. Defendant officers thereafter unjustifiably ordered the plaintiffs out of the apartment and ordered them to sit on the floor in the hallway, continuing their unlawful imprisonment.

24. While plaintiffs were unlawfully held in the hallway, defendant officers unlawfully entered apartment 12R without permission, authority, or a search warrant.

25. After unlawfully imprisoning plaintiffs for approximately two hours, defendant officers handcuffed plaintiffs and transported them to the 75th Police Precinct station house, and further imprisoned them therein.

26. On April 23, 2015, defendants SCHWARTZ and DIAZ prepared paperwork falsely alleging that marijuana had been recovered in the entranceway hallway of apartment 12R, falsely accusing the plaintiffs of possessing the aforementioned marijuana, and falsely alleging that the plaintiffs had been arrested on April 23, 2015, at 12:25 a.m., although plaintiffs had in fact been arrested hours earlier on April 22, 2015.

27. As a result of the defendant officers' false claims, plaintiffs JUSTIN DAVIS, KEVIN ALONZO, and EDUARDO BURTON were further imprisoned until they were produced to Kings County Criminal Court on April 23, 2015 and arraigned on false charges

under docket numbers 2015KN025428, and 2015KN025425, and 2015KN025426, respectively; said charges having been filed based on false allegations sworn to by defendants SCHWARTZ and DIAZ. The defendants initiated said prosecutions without probable cause and with malice.

28. The defendant officers created and manufactured the aforesaid false evidence against plaintiffs and used same against them in the aforesaid said legal proceedings. Specifically, defendants falsely informed attorneys with the Kings County District Attorney's Office that marijuana was in the entranceway hallway of apartment 12R, that plaintiffs had been arrested on April 23, 2015, and that plaintiffs possessed marijuana. These allegations were completely false. At no time while plaintiffs were present in 12R did plaintiffs possess marijuana, nor was there marijuana on the floor in the hallway.

29. All the false charges levied against plaintiffs ALONZO and BURTON were adjourned in contemplation of dismissal on April 23, 2015, and were thereafter dismissed and sealed and otherwise deemed a legal nullity.

30. As a result of the defendants' conduct, plaintiff DAVIS was compelled to return to court for multiple appearances until October 2, 2015, on which date all of the false charges filed against plaintiff DAVIS were also dismissed and sealed.

31. Defendants SCHWARTZ, DIAZ, and JOHN and JANE DOE 1 through 10 participated in, supervised, and/or were present or otherwise aware of the incident and yet failed to intervene despite a meaningful opportunity to do so.

32. Defendants SCHWARTZ, DIAZ, and JOHN and JANE DOE 1 through 10 owed a duty to plaintiffs not to search them without reasonable suspicion, not arrest them without probable cause, and/or not to stand by while these unlawful acts were committed.

33. Defendants SCHWARTZ, DIAZ, and JOHN and JANE DOE 1 through 10

breached their duty and as a result plaintiffs' privacy was violated and they suffered a loss of liberty.

34. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of narcotics divisions of the NYPD of falsely arresting individuals to meet quotas, for overtime, or for other improper reasons, and falsifying evidence in support of said arrests.

35. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD narcotics officers, including the defendants, are insufficiently trained, and engage in a practice of falsely arresting individuals and of falsifying evidence in support of said arrests. *See e.g.* http://www.nydailynews.com/news/crime/fabricated-drug-charges-innocent-people-meet-arrest-quotas-detective-testifies-article-1.963021.

36. Moreover, in another civil rights action filed in this court involving false allegations by NYPD narcotics officers, Senior Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

37. Defendant CITY OF NEW YORK was also aware, prior to the incident, that the individual defendants engaged in such practices, and lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice,

defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

38.     Despite notice of the foregoing custom and practices of NYPD narcotics officers and of the lack of training of said officers, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

39.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

40.     All of the aforementioned acts deprived plaintiffs JUSTIN DAVIS, KEVIN ALONZO, and EDUARDO BURTON of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

41.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

42.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

43.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

44.     As a result of the foregoing, plaintiffs JUSTIN DAVIS, KEVIN ALONZO, and

EDUARDO BURTON sustained, *inter alia*, physical injuries, emotional distress, and deprivation of their liberty and their constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983 against Individually Named Defendants)

45. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendants arrested plaintiffs JUSTIN DAVIS, KEVIN ALONZO, and EDUARDO BURTON without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

47. Defendants caused plaintiffs JUSTIN DAVIS, KEVIN ALONZO, and EDUARDO BURTON to be falsely arrested and unlawfully imprisoned.

48. As a result of the foregoing, plaintiffs JUSTIN DAVIS, KEVIN ALONZO, and EDUARDO BURTON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983 against Individually Named Defendants)

49. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. Defendants created false evidence against plaintiffs JUSTIN DAVIS, KEVIN ALONZO, and EDUARDO BURTON.

51. Defendants utilized this false evidence against plaintiffs JUSTIN DAVIS, KEVIN ALONZO, and EDUARDO BURTON in legal proceedings.

52. As a result of defendants' creation and use of false evidence, plaintiffs JUSTIN DAVIS, KEVIN ALONZO, and EDUARDO BURTON suffered a violation of their constitutional rights to a fair trial, as guaranteed by the United States Constitution.

53. As a result of the foregoing, plaintiffs JUSTIN DAVIS, KEVIN ALONZO, and EDUARDO BURTON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THRID CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983 against Individually Named Defendants)

54. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Defendants initiated, commenced and continued a malicious prosecution against plaintiff JUSTIN DAVIS.

56. Defendants caused plaintiff JUSTIN DAVIS to be prosecuted without any probable cause until the charges were dismissed on or about October 2, 2015.

57. As a result of the foregoing, plaintiff JUSTIN DAVIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983 against Individually Named Defendants)

58. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. Defendants had an affirmative duty to intervene on behalf of plaintiffs JUSTIN

DAVIS, KEVIN ALONZO, and EDUARDO BURTON, whose constitutional rights were being violated in their presence by other officers.

60. The defendants failed to intervene to prevent the unlawful conduct described herein.

61. As a result of the foregoing, plaintiffs JUSTIN DAVIS, KEVIN ALONZO, and EDUARDO BURTON were subjected to excessive force, their liberty was restricted for an extended period of time, and they were put in fear of their safety, humiliated, subjected to handcuffing, and imprisoned without probable cause.

62. As a result of the foregoing, plaintiffs JUSTIN DAVIS, KEVIN ALONZO, and EDUARDO BURTON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983 against Defendant Robert Kelly)

63. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. The Supervisory defendants personally caused plaintiffs JUSTIN DAVIS, KEVIN ALONZO, and EDUARDO BURTON'S constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

65. As a result of the foregoing, plaintiffs JUSTIN DAVIS, KEVIN ALONZO, and EDUARDO BURTON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be

fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)

66. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

68. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to the narcotics divisions of the NYPD falsely arresting individuals and falsifying evidence in support of said arrests.

69. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiffs JUSTIN DAVIS, KEVIN ALONZO, and EDUARDO BURTON'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

70. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs JUSTIN DAVIS, KEVIN ALONZO, and EDUARDO BURTON.

71. The foregoing customs, policies, usages, practices, procedures and rules of the

City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs JUSTIN DAVIS, KEVIN ALONZO, and EDUARDO BURTON as alleged herein.

72. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs JUSTIN DAVIS, KEVIN ALONZO, and EDUARDO BURTON as alleged herein.

73. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs JUSTIN DAVIS, KEVIN ALONZO, and EDUARDO BURTON were detained, subjected to excessive force, and imprisoned without probable cause.

74. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs JUSTIN DAVIS, KEVIN ALONZO, and EDUARDO BURTON'S constitutional rights.

75. All of the foregoing acts by defendants deprived plaintiffs JUSTIN DAVIS, KEVIN ALONZO, and EDUARDO BURTON of federally protected rights, including, but not limited to, the right:

  A. Not to be deprived of liberty without due process of law;

  B. To be free from seizure and arrest not based upon probable cause;

  C. To be free from malicious abuse of process and malicious prosecution; and

  D. To be free from deprivation of their right to a fair trial.

76. As a result of the foregoing, plaintiffs JUSTIN DAVIS, KEVIN ALONZO, and

EDUARDO BURTON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### Supplemental State Law Claims

77. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78. Within ninety (90) days after the claim herein accrued, plaintiff JUSTIN DAVIS duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

79. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

80. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

81. Plaintiffs have complied with all conditions precedent to maintaining the instant action.

82. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York against Defendant Officers and City of New York)

83. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84. The defendant officers initiated, commenced and continued a malicious

prosecution against plaintiff JUSTIN DAVIS.

85. Defendants caused plaintiff JUSTIN DAVIS to be prosecuted without probable cause until the charges were dismissed on or about October 2, 2015.

86. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

87. As a result of the foregoing, plaintiff JUSTIN DAVIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Negligence under the laws of the State of New York against All Defendants)

88. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89. Plaintiff JUSTIN DAVIS' injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

90. As a result of the foregoing, plaintiff JUSTIN DAVIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
(Violation of NYS Constitution against Defendant City of New York Article 1 §12 against

Defendant City of New York)

91. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

92. As a result of defendants' conduct, plaintiffs were deprived of their right to security against unreasonable searches, seizures, and interceptions.

93. As a result of the foregoing, plaintiff JUSTIN DAVIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs JUSTIN DAVIS, KEVIN ALONZO, and EDUARDO BURTON demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
October 21, 2016

                BRETT H. KLEIN, ESQ., PLLC
                Attorneys for JUSTIN DAVIS,
                KEVIN ALONZO, and EDUARDO BURTON
                305 Broadway, Suite 600
                New York, New York 10007
                (212) 335-0132

                By:    s/ Brett Klein
                         BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

JUSTIN DAVIS, KEVIN ALONZO, and EDUARDO BURTON,

             Plaintiffs,

                          Docket No.

  -against-

CITY OF NEW YORK, CHARLES SCHWARTZ, Individually, JOHN DIAZ, Individually, JOHN and JANE DOE 1 through 10, Individually (the names John and Jane Doe being fictitious, as the true names are presently unknown),

             Defendants.

--------------------------------------------------------------------------------X


# COMPLAINT


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiffs
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132